No. 3089

Second Circuit

STATE, EX REL. SIDNEY GRAHAM vs. O'QUINN, ET AL.

(November 10, 1927. Opinion and Decree)

*(Syllabus by the Court)*

1. **Louisiana Digest—Courts—Par. 52.**
"In preparing the record for appeal to this court, clerks of the district courts shall bind or fasten the pleadings, evidence and all other documents in the case, * * * fastened together at the top or side of the pages, and covered with cardboard or other suitable material, numbering and listing all the pleadings, evidence and documents filed in the case, together with a certified copy of the minutes of the court in the case, and with a certificate of the clerk, under his seal of office, that the record as thus made up is true and correct. The record and the clerk's certificate shall be sent to the clerk of this court, at the city of Shreveport, Louisiana, in time to be filed in this court before the delay for its return expires. It shall be the duty of the clerk of this court to refuse to receive, file or docket in this court, any record not made up in accordance with the foregoing rule."

    Rule II, Rules of the Court of Appeal, Second Circuit.

    Rule *quo ad* respondent B. S. Swett made absolute. Rule *quo ad* respondent A. H. O'Quinn discharged.

J. W. Jones, of Natchitoches, attorney for applicant.

A. H. O'Quinn, of Shreveport, attorney for respondents

### STATEMENT OF THE CASE

REYNOLDS J. On application of relator a rule was granted directed to A. H. O'Quinn as stenographer and B. S. Swett as clerk of the District Court of Natchitoches parish to show cause, the former why he should not reduce to longhand writing his shorthand notes of the testimony taken on the trial of the case of Sidney Graham versus M. T. McCrory in said court and numbered 18,435 on its docket and file the same in the office of the clerk of said court, and the latter, why he should not deliver the testimony, when so written out and filed, to relator's counsel to be by him filed in this court as a part of the record on appeal in the said case of Sidney Graham vs. M. T. McCrory, No. 2814 on the docket of this court.

Respondent A. H. O'Quinn answered that the notes of the testimony had been written out in longhand and had been filed in the office of the District Court. *Quo ad* him, therefore, the issue presented by the petition has become moot and need not be passed upon.

Respondent Swett answered the testimony could not be delivered to relator's counsel nor put into the record for the reason that the fees of the stenographer for taking down the testimony in shorthand and writing the same out in longhand had not been paid.

### OPINION

Under rule II of this court it is the imperative duty of the clerks of the district courts, when an order of appeal has been granted to this court and the appeal perfected by the filing of an appeal bond, to send to the clerk of this court, at Shreveport, Louisiana, before the delay for doing so expires, all the pleadings, evidence and documents filed in the case, together with a certified copy of the minutes of the court in the case, and with a certificate, under his seal of office, that the record as thus made up is true and correct, and covered, fastened or bound as prescribed by said rule.

The answer of respondent Swett admitting that in the case in question he had not complied with the rule and the reasons assigned by him not being a legal excuse

therefor, the rule, as to him, is made absolute.

Relator also asked that the stenographer and clerk show cause why they should not transmit to this court a verified bill of the cost of the taking down in shorthand and writing out in longhand the testimony in question.

This court is one of appellate jurisdiction only, and could only consider the correctness of the bill in question or the legality of the fees demanded after those questions had been presented to and adjudged by the district court.

It is, therefore, ordered that *quo ad* respondent B. S. Swett the rule be made absolute and that he transmit to the clerk of this court to be filed here as a part of the record on appeal in the case of Sidney Graham vs. M. T. McCrory, No. 2814 on the docket of this court, the testimony taken down in shorthand and written out in longhand by the stenographer on the trial of said case in the district court and filed in the clerk's office.

It is further ordered that *quo ad* respondent A. H. O'Quinn the rule be discharged.

It is further ordered relator's demand that the stenographer and clerk transmit to this court a verified bill of the fees demanded for the taking down in shorthand and writing out in longhand of the testimony in question and that this court pass upon the correctness and legality thereof be denied.